NORTHERN DISTRICT OF TEXAS
FILED
AUG 15 2014
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LISA A. BIRON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-627-A |
| | § | |
| JODY UPTON, WARDEN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

Petitioner, Lisa A. Biron, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, naming as respondent Jody Upton, Warden at FMC Carswell. The court must order a respondent to show cause why a petition pursuant to § 2241 should not be granted "unless it appears from the [petition] that the [petitioner] or person detained is not entitled thereto." 28 U.S.C. § 2243. Having now considered the petition and the applicable legal authorities, the court concludes that this action should be dismissed for failure of petitioner to exhaust her administrative remedies.[1]

---

[1] The court may dismiss an action for failure to exhaust administrative remedies prior to service on a respondent if such exhaustion is clear on the face of the complaint. Carbe v. Lappin, 492 F.3d 325, 328 (5th Cir. 2007). Here, petitioner concedes that she has not exhausted the required administrative remedies.

I.

Grounds of the Petition

Following her conviction by a jury, petitioner on May 23, 2013, was sentenced to a term of imprisonment of 480 months, to be followed by a lifetime term of supervised release.[2] The instant petition alleges that at a disciplinary hearing on July 31, 2014, petitioner was found guilty of violating a Bureau of Prisons regulation because she attempted to send mail to her minor daughter, in violation of what Bureau of Prisons's officials contend was a no-contact order imposed by the sentencing court. Petitioner acknowledges that the magistrate judge entered a no-contact order during her pretrial detention hearing, but maintains that the judgment in her criminal case contains no such provision.

II.

Analysis

A prisoner seeking habeas relief pursuant to § 2241 must exhaust all administrative remedies that might provide appropriate relief. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam); Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993). The Bureau of Prisons has established a three-tiered

---

[2]As of the date this order is signed, petitioner's criminal case was on appeal before the United States Court of Appeals for the First Circuit. Petitioner's criminal attorney on May 29, 2014, filed a motion to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738 (1976).

2

Administrative Remedy Program ("the Program") governing formal review of inmate complaints relating to any aspect of imprisonment. 28 C.F.R. §§ 542.10 et seq. A prisoner must pursue the procedures set forth in the Program prior to seeking relief in district court. See Rourke, 11 F.3d at 49.

These procedures, in turn, generally require the prisoner first to attempt informal resolution through a complaint to Bureau of Prisons staff; if not satisfied with the result, he or she must file a formal written complaint to the Warden, then pursue an administrative appeal to the appropriate Bureau of Prisons Regional Director. 28 C.F.R. §§ 542.10 et seq. The final appeal is to the Bureau of Prisons's Office of General Counsel, "within 30 calendar days of the date that the Regional Director signed the response." Id. at 542.15(a).

To be excused from the exhaustion requirement, petitioner must demonstrate either that the administrative remedies are unavailable or inappropriate to the relief sought or, alternatively, that to pursue the administrative remedies would be patently futile. See Fuller, 11 F.3d at 62. Exceptions to the exhaustion requirement apply only in "extraordinary circumstances," and the petitioner bears the burden of demonstrating the futility of administrative review. Id.

3

Petitioner admits that she has not exhausted her administrative remedies. However, she contends that because the Bureau of Prisons "is admittedly following the legal advice of the U.S. Attorney," any attempt at exhausting administrative remedies would be "clearly futile." Pet. at 2. No other explanation is offered as to petitioner's failure to exhaust remedies. The court is not persuaded.

Nothing is offered in the petition to show that petitioner has presented her view of the magistrate judge's order to Bureau of Prisons's officials, or that she has requested clarification from them about the duration of the no-contact order, or that there has been any indication from such officials that they would categorically reject her attempts at administrative remedies without at least considering her concerns. Nor is there any indication that the same individuals who made the decision at petitioner's disciplinary hearing would in any way be involved in the administrative remedy process. Although petitioner obviously believes the Bureau of Prisons would have denied her requests, she has offered no factual basis in the petition to support that belief.

Exhaustion of remedies may take time, but "there is no reason to assume that . . . prison administrators . . . will not act expeditiously." Preiser v. Rodriguez, 411 U.S. 475, 494-95

(1973). If the Bureau of Prisons has failed to correctly interpret or apply a court order, it should be afforded the opportunity to rectify its error. See Smith v. Thompson, 937 F.2d 217, 219 (5th Cir. 1991) (agency should be given opportunity to correct its own error before aggrieved party seeks judicial intervention).

Petitioner gives no indication in the petition that she has even attempted to begin the administrative remedy process, and she has presented nothing, other than speculation, to support her contention that she should be excused from exhausting those remedies. Petitioner has provided nothing to show the type of extraordinary circumstances needed to justify her failure to exhaust administrative remedies, thus warranting dismissal on that basis. Fuller, 11 F.3d at 62.

### III.

### Order

Therefore,

The court ORDERS that the writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by petitioner, Lisa A. Biron, be, and is hereby, dismissed without prejudice for failure to exhaust administrative remedies.

SIGNED August 15, 2014.

_____
JOHN McBRYDE
United States District Judge

5