UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF TEXAS
FORT WORTH

ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 2 5 2014

CLERK, U.S. DISTRICT COURT
By _____
Deputy

Lisa A. Biron,
    Petitioner

v.                                    Case No.: 4:14-CV-627-A

Jody Upton, Warden,
    Respondent.

## MOTION TO VACATE ORDER & RECONSIDER DISMISSAL OF § 2241 PETITION

On August 15, 2014 this Court dismissed Petitioner's § 2241 Petition for failure to exhaust her administrative remedies because Petitioner did not sufficiently support or explain her assertion that pursuing an administrative remedy is futile.[1] Further, the Court did not address Petitioner's contention that her and R.B.'s constitutional rights may be irreparably injured without immediate judicial relief.

The Petitioner requests this Court vacate its order of dismissal in consideration of the following:

1. The Petitioner's attempt at an administrative remedy is futile because she has already exhausted her administrative remedies on the same issue resulting from disciplinary actions against her while incarcerated at Danbury FCI.

2. Because of this there is no realistic hope that the same agency, acting under the direction of the U.S. Attorney, will respond differently this time.

---

1 The Petitioner apologizes to the Court for not making her legal and factual argument as to why her Petition is ripe for review in her opening Petition. It was her belief that exhaustive legal arguments were not necessary in a pro se's § 2241 Petition especially where failure to exhaust is an affirmative defense. This elaboration was to be in response to the Respondent once raised.

1

3. On November 20, 2013, while confined in Danbury, CT FCI, Petitioner was found guilty of a code 196 violation for attempting to contact her 16 year old daughter through the mail in violation of an alleged no-contact order.

4. At that DHO hearing, as well as at the one at issue in this Petition, the Petitioner explained that a magistrate's pre-trial detention order does not continue after sentencing and there is no provision barring contact in her sentence. (See Ex. 1 (Email to FMC Carswell's Attorney Kerr advising him of the BOP's mistake prior to DHO hearing and later admitted as exhibit in DHO hearing that is subject of this Petition)).

5. On November 28, 2013, Petitioner appealed this finding to Regional arguing that there is no no-contact barring contact with R.B.

6. On December 13, Regional issued a receipt which stated Regional's response was due by January 4, 2014. Regional did not respond by the January 4th deadline and Petitioner treated this lack of response as a denial at that level and, on January 8, 2014, sent her appeal to Central. See 28 C.F.R. §542.18.

7. Petitioner explained to Central that she was treating Regional's non-response as a denial. Petitioner included the argument that she made to Regional regarding the non-existence of a no-contact order.

8. On January 21, 2014, Petitioner received Regional's untimely response that overturned the code 196 (no-contact violation) charge, and changed the conviction to a code 296 (circumvention of mail monitoring procedures) violation.

9. On January 24, 2014, Petitioner filed an addendum to her appeal to Central to address and challenge Regional's untimely response and prejudicial due process violations that convicted Petitioner of a completely new charge

unrelated to the original finding of the DHO that a no-contact order existed.

10. The addendum to Central included the untimely response from Regional with the BP 10 that contained the Petitioner's original and now completely irrelevant argument that there is not a no-contact order.

11. On February 4, 2014, Petitioner received a rejection notice from Central returning the January 8, 2014 appeal because it did not include a copy of Regional's response. Recall that this appeal was filed in accordance with C.F.R. § 542.18 due to Regional's lack of response.

12. Therefore, on February 7, 2014, Petitioner sent copies of the new code 296 appeal argument (from the addendum) that challenged Regional's new code 296 charge to Central along with Regional's response.

13. On February 27, 2014, Petitioner wrote a letter to Central requesting an acceptance receipt for her appeal. No response has ever been received.

14. In addition, on January 29, 2014, after receiving Regional's response that overturned the abovementioned code 196 no-contact conviction, the Petitioner believed the matter resolved and mailed another letter to R.B. properly addressed with an FBOP Trulincs label and was again charged with a code 196 for violating the alleged, yet non-existent, no-contact order.

15. On February 3, 2014, Petitioner notified the FCI Danbury prison administration in writing that they were violating her constitutional rights and that she intended to attempt to mail another letter to R.B.

16. Shortly after giving this notice, she mailed the letter and on February 6, 2014 the Petitioner was charged with a code 296 violation (use of the mail that circumvents mail monitoring procedures).

17. On February 19, 2014, at the DHO hearing, she was found guilty of violating 2 code 196s for violating the non-existent no-contact order. But once she left the hearing for her stay at the SHU these convictions were changed to

two (2) code 296 convictions for circumvention of mail monitoring procedures.

18. On February 24, 2014, Petitioner filed her appeal to Regional. Because the appeal involved one DHO hearing and identical incidents she submitted one BP 10 and one argument that was clear, concise, and typed in English.

19. On March 3, 2014, the Petitioner received her appeal back rejected from Regional with a rejection notice that stated, "write your appeal in English; see unit team for help," and stated (contrary to her counselor's advice) that the DHO reports had to be included.

20. As the appeal was already in English, the Petitioner mailed her appeal back to Regional on March 4, 2014 and included a copy of both DHO reports.

21. On March 5, 2014, Petitioner was moved from the SHU in Danbury to the SHU at MDC Brooklyn.

22. On March 17, 2014, the Petitioner received a second rejection notice and return of her appeal from Regional. This second rejection notice (addressed to Petitioner in Brooklyn) was dated and postmarked March 10, 2014 and stated that Petitioner must file a separate appeal for each unrelated issue or incident report. The notice gave Petitioner until March 20, 2014 to have the resubmission back to Regional making timely resubmission impossible.

23. Petitioner requested staff to note the delivery date and time on the notice as proof of when it was delivered to her. The officers were unfamiliar with this procedure and refused. Therefore the Petitioner made a note of the witnessing officers' names and resubmitted the appeal.

24. The resubmitted appeal included a second BP 10 form and photocopy of the argument. Both appeals were identical except for citing to the different incident reports on each BP 10 and argument page. The appeals were mailed back to Regional in the same envelope on March 19, 2014.

25. Each of these mailings cost the Petitioner approximately $ 3.00 in stamps.

4

26. On March 25, 2014, Petitioner was taken from Brooklyn and sent to the Federal Transfer Center in Oklahoma City, Oklahoma.

27. On April 1, 2014, Petitioner was transferred to the Federal Medical Center Carswell in Fort Worth, Texas.

28. On April 7, 2014, Petitioner received Regional's third rejection notice dated March 28, 2014, addressed to her at FTC Oklahoma. This rejection notice rejected one of the incident reports (received by Regional on March 25, 2014), and stated that the appeal was rejected because it was untimely and to provide staff verification for being untimely within 10 days of the rejection notice (another impossibility because of the late delivery).

29. On April 12, 2014, Petitioner mailed a letter to Unit Manager Facie at MDC Brooklyn with a copy of the rejection notice again requesting that the witnessing officers sign it as staff verification. She has received no response.

30. On April 16, 2014, Petitioner received Regional's rejection notice for the second incident report addressed to her in Oklahoma. This notice stated, "your appeal is untimely, it was due to the NERO by 3/13/14 it was rcv'd on 3/25/14. Provide staff verification for being untimely."

31. The Petitioner has exhausted her administrative remedy in the Northeast Region and has received no relief.

32. Further, as stated briefly in her present Petition, the FBOP claims (as is did in Danbury) that it is the U.S. Attorney that is representing (unethically) that there is an active no-contact order. The U.S. Attorney will represent the Respondent in defending this Petition. The Regional and Central counsel involved in the administrative remedy process at the FBOP are not going to contradict the wishes of the U.S. Attorney, the very office that represents the FBOP.

33. The FBOP (and U.S. Attorney's Office) has had numerous opportunities to rectify its error yet fails, by design, to do so.

34. In addition, this Court may excuse the exhaustion requirement when constitutional rights may be irrevocably injured without immediate judicial relief. In Petitioner's case there is no valid provision barring contact with 16 year old R.B. Both Petitioner's and R.B.'s right to contact is being violated.

35. Whether this Court finds that Petitioner's administrative remedies are exhausted or futile, or that a constitutional right is being harmed, this case is ripe for adjudication.

WHEREFORE, Petitioner requests this honorable Court vacate its Order dismissing her § 2241 Petition, find her administrative remedies exhausted or excused, and grant such other relief as is just and equitable.

Respectfully submitted by:

8/22/14
Dated

*Lisa Biron*
Lisa A. Biron
Reg. # 12775-049
FMC Carswell
P.O. Box 27137
Fort Worth, TX 76127

### CERTIFICATION

I, Lisa A. Biron, do hereby declare under penalty of perjury, that the forgoing information in this Pleading is true and correct, and that the original and one (1) copy of said Pleading have been this day deposited in the inmate legal mail system, postage paid.

*Lisa Biron*
Lisa A. Biron

6

TRULINCS 12775049 - BIRON, LISA - Unit: CRW-I-S

---

FROM: 12775049
TO: Warden
SUBJECT: ***Request to Staff*** BIRON, LISA, Reg# 12775049, CRW-I-S
DATE: 07/05/2014 01:25:38 PM

To: Attorney Kerr; CC Warden, AW, SIS, Unit Team
Inmate Work Assignment: Unassigned

Dear Attorney Kerr,

This is my attempt to informally resolve this issue, and will form the basis of my 8 1/2 which will culminate in a Bivens action if you do not act to advise your client-employer on the law.

The FBOP staff at Carswell has blatantly and egregiously violated my Due Process and First Amendment rights by unlawfully and wrongfully intercepting and interfering with my mail to my Power of Attorney and to my daughter, Rachael Biron.

Specifically, on the evening of 6/30/14, I mailed a letter to Rachael Biron and mailed a photocopy of the same letter to my POA. SIS Wenger and other unnamed FBOP staff acted unlawfully to intercept this mail and did not allow the mail to leave the prison. This mail has not been returned to me. In addition, I was given an incident report on 7/4/14 stating that I violated a Code 296 (use of mail in violation of policy--sending correspondence to an unauthorized person). The report alleges that I attempted to violate a "court ordered NO CONTACT."

The FBOP staff is falsely claiming that a no-contact order exists between me and Rachael. There is no such thing. There was an oral, pre-trial, statement by a magistrate advising me not to contact Rachael pending the resolution of the case. Miraculously, this oral statement, that was never in print before, is now in print form, signed and back-dated to 1/3/13 by the magistrate.

Regardless, Mr. Kerr, as attorneys, you and I both know that a federal magistrate has no injunctive powers (see 28 U.S.C. 636) and that her pre-trial "order" to me, as an already-detained defendant, was never a valid no-contact order. And, as you surely know, that even if it could have been construed as one then, it certainly is of no effect now AFTER sentencing. A no-contact order, if one existed, would necessarily be included in my sentence. None exists.

Perhaps the FBOP staffs' inability to understand what a no-contact order is and is not, because they are not lawyers, is enough to shield them from personal liability up to this point. But you, sir, are an attorney, and the staff cannot continue to feign ignorance with you to advise them of the law.

I ask that you advise your client-employer to return my mail to me and to refrain from interfering with my mail in the future, and to expunge the incident report without requiring my appearance before the DHO.

I have copied this letter to the Warden, Associate Warden, and SIS, as well as to my Unit Team; and if I am made to see the DHO, he will receive a copy as well. They should consider this actual notice of these constitutional violations which puts them securely on the hook for my Bivens claim if forced to go forward with one.

Thank you for your attention to this matter.

Sincerely,

Lisa Biron

Lisa A. Biron
Reg. # 12775-049
Federal Medical Center, Carswell
P.O. Box 27137
Fort Worth, TX 76127

Clerk of Court							August 22, 2014
U.S. District Court
501 W. 10th St., Room 310
Fort Worth, TX 76102

Re: Biron v. Upton, Case No.: 4:14-CV-627-A

Dear Clerk:

I have enclosed, for filing with the Court, my <u>Motion to Vacate Order & Reconsider Dismissal of § 2241 Petition</u>, and have included one (1) copy of same.

Thank you for your attention to this matter.

					Sincerely,

					*Lisa Biron*

					Lisa A. Biron

Name Lisa Biron, Esq.
Reg. No. 12775-049
Federal Medical Center, Carswell
P.O. Box 27137
Ft. Worth, TX 76127

RECEIVED
U.S. DISTRICT COURT
FORT WORTH DIVISION
2014 AUG 25 AM 11: 11
CLERK OF COURT

⇔12775-049⇔
US District Court
Clerk of Court
501 W 10TH ST
Room 310
FORT Worth, TX 76102
United States



FMC Carswell
P.O. Box 27066
Ft. Worth TX 76127
MAILED

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has been neither opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification.